# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| NIQUAY HARPER,<br>Individually and on behalf of all others similarly situated,<br>　　　　Plaintiff,<br><br>　v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br><br>　　　　Defendant. | Case No. 3:21-cv-377<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE / CLASS ACTION COMPLAINT

Plaintiff NiQuay Harper ("Harper") brings this action individually and on behalf of all current and former non-exempt call-center employees[1] (hereinafter "Plaintiff and the Putative Class Members") who worked for Capital One Financial Corporation (hereinafter "Defendant" or "Capital One"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, and Virginia common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her Virginia common-law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

---

[1] The term "hourly call-center employees" refers to any hourly employee of Capital One Financial Corporation, who worked either in a call center or remotely from home, and whose primary job duty was to handle inbound phone calls, outbound phone calls, emails, or instant chat messages with customers.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the laws of the State of Virginia and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Capital One as call-center workers, anywhere the United States, at any time during the relevant statutes of limitation through the final disposition of this matter and have not been paid for all hours worked or the proper amount of overtime in violation of state and federal law.

3. Specifically, Capital One has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly call-center employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay.

4. Capital One's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Capital One knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Virginia state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Virginia state-law claim as a Rule 23 class action.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Harper designated herein be named as the Class Representative for the Virginia Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff NiQuay Harper ("Harper") was employed by Capital One during the relevant time period. Plaintiff Harper did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

12. The FLSA Collective Members are those current and former non-exempt call-center employees who were employed by Capital One anywhere in the United States at any time from June 7, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Harper worked and was paid.

13. The Virginia Common-Law Class Members are those current and former non-exempt call-center employees who were employed by Capital One in the State of Virginia at any time from June 7, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Harper worked and was paid.

---

[2] The written consent of NiQuay Harper is hereby attached as Exhibit "A."

14. Defendant Capital One Financial Corporation is a Virginia For-Profit Corporation licensed to and doing business in the State of Virginia and may be served with process through its registered agent for service of process: **Corporation Service Company, 100 Shockoe Slip Fl 2, Richmond, Virginia 23219 - 4100.**

## III.
## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional Virginia state-law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Capital One because the cause of action arose within this District as a result of Capital One's conduct within this District and Division.

18. Venue is proper in the Eastern District of Virginia because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Capital One has maintained a working presence throughout Virginia (and the United States) and Plaintiff Harper worked in Richmond, Virginia throughout her employment with Capital One, all of which is located in this District and Division.

20. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. Capital One is the eighth largest bank in the United States.[3] Capital One provides its credit cards, auto loans, banking, and savings accounts services throughout the country.

---

[3] https://www.capitalone.com/about/corporate-information/our-company/

22. To assist its customers, Capital One employed (and continues to employ) numerous hourly call-center employees throughout the United States—Plaintiff and the Putative Class Members—who work for Capital One both remotely as at-home employees and at call centers owned and operated by Capital One.[4]

23. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls, emails, and instant messaging chats made by Capital One's customers, answering customer inquiries, troubleshooting issues on behalf of customers, and generally assisting customers.

24. Plaintiff Harper was employed by Capital One as an hourly call-center employee in Richmond, Virginia from approximately April 2015 until May of 2019.

25. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

26. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

27. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to four (4) hours "off-the-clock" per week and have not been compensated for that time.

### Unpaid Start-Up Time

28. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Capital One as a result of Capital One's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

29. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails, open multiple different computer programs, log in to each

---

[4] https://www.capitalonecareers.com/customer-advocates

program, and ensure that each program is running correctly—all of which can take up to twenty minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

30. If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

31. If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

32. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

33. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

### Unpaid Work During the Meal Break Period

34. Capital One provides Plaintiff and the Putative Class Members with one unpaid lunch break per shift.

35. However, Capital One requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch breaks.

36. Plaintiff and the Putative Class were (and continue to be) required to stay on the clock and on call until the minute their meal break began, clock out, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for their meal break.

37. Plaintiff and the Putative Class Members were required to log back into their computer, log back into the phone system, then clock in, and be back on the phone before their meal break ends.

38. The log off process used prior to taking a meal break can take anywhere from one to three minutes.

39. The log in process used after returning from a meal break can take anywhere from one to three minutes.

40. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' meal break as, per Capital One's policy.

## Unpaid Re-Boot Time

41. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

42. Plaintiff and the Putative Class Members were also not compensated for the time they worked for Capital One rebooting Capital One's computers after they crashed.

## Unpaid Rest Breaks Lasting Twenty Minutes or Less

43. In addition, Capital One also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—Plaintiff and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

44. Capital One permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

45. As a result of Capital One's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch break, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were

not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

46. Capital One has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

47. Capital One is aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

48. Because Capital One did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Capital One's pay policies and practices violate the FLSA.

49. Because Capital One did not pay Plaintiff and the Putative Class Members for all the straight time hours they worked, Capital One's pay policies and practices also violate Virginia state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

50. All previous paragraphs are incorporated as though fully set forth herein.

51. The FLSA Collective is defined as:

**ALL NON-EXEMPT CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY CAPITAL ONE FINANCIAL CORPORATION, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JUNE 7, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

52. At all times hereinafter mentioned, Capital One has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

53. At all times hereinafter mentioned, Capital One has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

54. At all times hereinafter mentioned, Capital One has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

55. Capital One employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

56. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

57. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Capital One who assisted customers living throughout the United States. 29 U.S.C. § 203(j).

58. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

59. In violating the FLSA, Capital One acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

60. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 51.

61. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Capital One.

**B.  FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Capital One violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

64. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Capital One's acts or omissions as described herein; though Capital One is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

65. Moreover, Capital One knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

66. Capital One knew or should have known its pay practices were in violation of the FLSA.

67. Capital One is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

68. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Capital One to pay them in accordance with the law.

69. The decision and practice by Capital One to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

70. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **FLSA COLLECTIVE ACTION ALLEGATIONS**

71. All previous paragraphs are incorporated as though fully set forth herein.

72. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all Capital One employees throughout the United States who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

73. Other similarly situated employees have been victimized by Capital One's patterns, practices, and policies, which are in willful violation of the FLSA.

74. The FLSA Collective is defined in Paragraph 51.

75. Capital One's failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Capital One, and does not depend on the personal circumstances of the Plaintiff or the individual FLSA Collective Members.

76. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

77. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

78. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

79. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

80. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Capital One will retain the proceeds of its rampant violations.

81. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

82. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 51 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of Virginia Common Law)**

**A.  VIOLATIONS OF VIRGINIA COMMON LAW**

83. All previous paragraphs are incorporated as though fully set forth herein.

84. Plaintiff Harper further brings this action pursuant to the equitable theory of *quantum meruit* to recover unpaid straight time, which is not covered by the FLSA. *See Mongold v. Woods*, 278 Va. 196, 677 S.E.2d 288, 292 (2020).

85. The Virginia Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY CAPITAL ONE FINANCIAL CORPORATION, IN VIRGINIA, AT ANY TIME FROM JUNE 7, 2018 THROUGH THE FINAL DISPOSITION OF**

**THIS MATTER. ("Virginia Class" or "Virginia Class Members").**

86. Plaintiff Harper and the Virginia Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Capital One.

87. These claims are independent of Plaintiff Harper's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA.

88. Plaintiff Harper and the Virginia Class Members provided valuable benefit to Capital One in the form of their labor.

89. Capital One acknowledged and accepted Plaintiff Harper and the Virginia Class Members' services and benefited from their timely dedication to Capital One's policies and adherence to Capital One's schedule.

90. Capital One was aware that Plaintiff Harper and the Virginia Class Members expected to be compensated for all the services they provided Capital One.

91. Despite reasonably knowing that Plaintiff Harper and the Virginia Class Members expected to be compensated for all of the labor they provided, Capital One instead accepted or retained the benefits of their labor without them for its value.

92. Capital One has therefore benefited from services rendered by Plaintiff Harper and the Virginia Class Members and they are therefore entitled to recover pursuant to the equitable theory of *quantum meruit*.

93. Further it would be unjust to allow Capital One to retain the benefit conferred by Plaintiff Harper and the Virginia Class Members under these circumstances.

**B. VIRGINIA CLASS ALLEGATIONS**

94. Plaintiff Harper brings her Virginia claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Capital One to work in Virginia since June 7, 2018. *See* VA. CODE ANN. § 8.01-246(4).

95. Class action treatment of Plaintiff Harper and the Virginia Class Members is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

96. The number of Virginia Class Members is so numerous that joinder of all class members is impracticable.

97. Plaintiff Harper is a member of the Virginia Class and her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of the other class members.

98. Plaintiff Harper and her counsel will fairly and adequately represent the class members and their interests.

99. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

100. Accordingly, the Virginia Class should be certified as defined in Paragraph 85.

## VI.
## RELIEF SOUGHT

101. Plaintiff respectfully prays for judgment against Capital One as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 51 and requiring Capital One to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order certifying the Virginia Common-Law Class as defined in Paragraph 85, and designating Plaintiff Harper as Representative of the Virginia Common-Law Class;

    c.  For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    d.  For an Order pursuant to Section 16(b) of the FLSA finding Capital One liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

    e.  For an Order pursuant to Virginia Common Law awarding Plaintiff Harper and the Virginia Common-Law Class Members unpaid wages and other damages allowed by law;

    f.  For an Order awarding the costs and expenses of this action;

    g.  For an Order awarding attorneys' fees;

    h.  For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

    i.  For an Order awarding Plaintiff Harper a service award as permitted by law;

    j.  For an Order compelling the accounting of the books and records of Capital One, at Capital One's own expense;

    k.  For an Order providing for injunctive relief prohibiting Capital One from engaging in future violations of the FLSA and Virginia state law, and requiring Capital One to comply with such laws going forward; and

    l.  For an Order granting such other and further relief as may be necessary and appropriate.

Date: June 10, 2021 Respectfully submitted,

**Shelley Cupp Schulte, P.C.**

By: */s/ Tim Schulte*
**Tim Schulte** (VSB #41881)
**Blackwell N. Shelley, Jr.** (VSB #28142)
3 West Cary Street
Richmond VA 23220
(804) 644-9700
(804) 278-9634 [fax]
schulte@scs-work.com
shelley@scs-work.com

**ANDERSON ALEXANDER, PLLC**

**Clif Alexander** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin Anderson** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and Putative Class Members***